**Dora Luz PALOMERA–MARTINEZ; Christian Jesus Palomera–Martinez, Petitioners,**

v.

**John ASHCROFT, Attorney General, Respondent.**

No. 02–71905.
Agency Nos. A76–610–970, A76–610–971.

United States Court of Appeals, Ninth Circuit.

Submitted Oct. 14, 2003.*

Decided Oct. 22, 2003.

Dora Luz Palomera–Martinez, pro se, Santa Ana, CA, for Petitioner.

Christian Jesus Palomera–Martinez, pro se, Santa Ana, CA, for Petitioner.

Regional Counsel, Western Region, Immigration & Naturalization Service Laguna Niguel, CA, Los Angeles District Counsel, Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. LeFevre, Chief Legal Officer, Office of the District Coun-

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

sel, Department of Homeland Security, San Francisco, CA, Christopher C. Fuller, Lyle Jentzer, US Department of Justice, Office of Immigration Litigation, Washington, DC, for Respondent.

Before WARDLAW, BERZON, and CLIFTON, Circuit Judges.

## MEMORANDUM**

Dora Luz Palomera–Martinez and her son Christian, natives and citizens of Mexico, petition for review of the Board of Immigration Appeals' ("BIA") affirmance without opinion of an Immigration Judge's ("IJ") denial of their applications for cancellation of removal. We deny the petitions.

Palomera–Martinez contends that she has satisfied the ten-year continuous physical presence requirement for cancellation of removal. *See* 8 U.S.C. § 1229b(b)(1). Reviewing the IJ's contrary finding under the substantial evidence standard, we "may reverse the [IJ]'s decision only if the evidence presented compels a reasonable factfinder to reach a contrary result." *Vera–Villegas v. INS,* 330 F.3d 1222, 1230 (9th Cir.2003) (quotation marks and citation omitted). The existence of an FBI report concerning Palomera–Martinez's attempted fraudulent entry, combined with her testimony about that incident and the agency's representations concerning its practices at the border, amounts to substantial evidence of an administrative voluntary departure. Pursuant to this court's decision in *Vasquez–Lopez v. Ashcroft,* 343 F.3d 961 (9th Cir.2003) (per curiam), such a departure constitutes a break in continuous physical presence and renders Palomera–Martinez ineligible for cancellation of removal.

## PETITIONS DENIED.

---

\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

